WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel J. Bassford,<br><br>    Plaintiff,<br><br>v.<br><br>Mesa, City of, et al.,<br><br>    Defendants. | No. CV-25-01034-PHX-JAT (ESW)<br><br>**ORDER** |

In this civil rights action, Plaintiff sued the City of Mesa and two Mesa Police Officers alleging violations of his constitutional rights after he was arrested for trespassing at a convenience store. The Court ordered service of the Complaint on April 3, 2025 (Doc. 7). In that Order, the Court also addressed Plaintiff's motion challenging the designation of this case as a "prisoner civil rights" action and assigning it a Nature of Suit code of 550.[1]

Between June 26, 2025 and July 15, 2025, Plaintiff filed more than sixty separate motions or notices requesting multiple forms of relief. The Court will address each category of request below.[2] There is little doubt, however, that the number of the filings and their frivolous nature reflect a vexatious motion practice that impedes the Court's ability to manage its caseload. Such flagrant abuse of the litigation process will not be allowed to continue. Plaintiff will be permitted to file one motion or notice per week. If

---

[1] The Court will not repeat the reasons why this action was properly categorized or reiterate why that categorization has no substantive impact on the adjudication of Plaintiff's action, which was addressed in a prior Order, Doc. 7.

[2] The Court takes no action on the myriad Notices or Declarations filed by Plaintiff.

Plaintiff chooses to continue his current path, the Court will dismiss this action for failure to comply with the Court's Orders. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**I.     Requests for Recusal and Accusations of Bias (Docs. 14, 30, 31, 32, 33, 34, 35, 37, 45, 48)**

The Court will first address Plaintiff's requests for recusal and accusations of bias. In his requests for recusal, Plaintiff alleges that the "conduct of Judge Teilborg in this matter reflects **actual bias**, or at a minimum, creates **a strong appearance of partiality** inconsistent with the **Code of Conduct for United States Judges**, the judicial oath of office, and the Constitution of the United States." (Doc. 31 at 2 (emphasis in original).)

Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must state the facts and reasons for the belief that the bias or prejudice exists. 28 U.S.C. § 144. If the judge finds the affidavit timely and legally sufficient, the judge must proceed no further and another judge must be assigned to hear the motion. *Id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Section 455, on the other hand, is self-enforcing on the judge and requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," where he "has a personal bias or prejudice concerning a party," or when he is "a party to the proceeding." 28 U.S.C. § 455(a), (b)(1), and (b)(5)(i); *see also Sibla*, 624 F.2d at 867-68.

When a litigant becomes unhappy with a judge's rulings in a case, a litigant might seek to force the judge to recuse himself by filing a lawsuit against the judge. But a "'judge is not disqualified merely because a litigant sues or threatens to sue him.' Such an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) (citation omitted), *rev'd on other*

*grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984).  Similarly, "[w]here a claim against the undersigned judge is so wholly frivolous that there is no jurisdiction, the assigned judge should be able to decline to recuse and proceed with dismissing the case." *Snegirev v. Sedwick*, 407 F. Supp. 2d 1093, 1095 (D. Alaska 2006); *see also Reddy v. O'Connor*, 520 F. Supp. 2d 124, 131 (D.D.C. 2007) ("recusal is not required where the claim asserted is 'wholly frivolous' or a litigant has named a judicial officer as a defendant to force him out of the case and hence obtain assignment of a judge the litigant considers more desirable." (quoting *Snegirev*, 407 F. Supp. 2d at 1095)).

The same is true here.  The undersigned was not named in Plaintiff's original complaint.  Rather, Plaintiff filed an amended complaint after rulings Plaintiff believes were incorrect.  Such is not a basis for recusal.

As for recusal under § 144, the undersigned must initially determine whether Plaintiff has filed a legally sufficient affidavit.  *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("the judge against whom an affidavit of bias is filed may pass on its legal sufficiency") (citing *Berger v. United States*, 255 U.S. 22 (1921)).  He has not.  "An affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *Sibla*, 624 F.2d at 868. Plaintiff's Affidavit does not contain any facts to support the conclusion that the undersigned has exhibited bias or prejudice that stems from an extrajudicial source.  Again, the only articulated basis for recusal is Plaintiff's dissatisfaction with the undersigned's rulings.  Thus, the undersigned is not required to assign the recusal request to another judge. *See Azhocar*, 581 F.2d at 738 ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").

Under §§ 144 and 455, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)), *abrogated on other grounds by*

*Simmons v. Himmelreich*, 576 U.S. 621 (2016). In nearly all cases, the source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 544-56 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555.

Plaintiff does not allege the undersigned has an extrajudicial bias against him. The undersigned cannot conclude that the grounds advanced by Plaintiff would cause a reasonable person with knowledge of all the relevant facts to question the impartiality of the undersigned. Thus, the Court, will deny Plaintiff's filings seeking recusal.

**II.    Motion to Amend Service Deadline; Motion to Waive Redline Requirement; and First Amended Complaint (Docs. 10, 23, 28)**

Plaintiff's original complaint raised twelve causes of action against the City of Mesa, City of Mesa Police Officers Higgins and Giraldo, and John Does 1-4. The claims involved allegations of false arrest and malicious prosecution stemming from Plaintiff's arrest for allegedly trespassing at a convenience store. The original complaint has not been served on any Defendant. On June 30, 2025, Plaintiff lodged his First Amended Complaint and seeks a waiver of Local Rule of Civil Procedure 15.1, which requires a plaintiff to identify by redline and strikeout the ways in which an amended pleading differs from the operative pleading. The Court will consider the First Amended Complaint.

As Plaintiff notes (Docs. 59, 74), Rule 15 permits amendment once as a matter of course. The Court will therefore direct the First Amended Complaint to be filed. But the amended complaint consists of 147 pages and 26 claims against 24 Defendants and John Does. And many Defendants named in the First Amended Complaint are entitled to immunity from suit and will therefore be dismissed.[3]

The Court lacks subject-matter jurisdiction over a claim that is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). A claim under 42 U.S.C. § 1983 may be dismissed as frivolous "where the defense is

---

[3] Plaintiff lists Defendants in a chart attached to his First Amended Complaint as Exhibit A (Doc. 28-1 at 2).

complete and obvious from the face of the pleadings." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). Such claims include those in which "it is clear that the defendants are immune from suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Snegirev*, 407 F. Supp. 2d at 1097 (claim precluded by judicial immunity was frivolous). Such is the case here.

In addition to Defendants named in claims from the original complaint, Plaintiff adds the undersigned, Court staff, Maricopa County Superior Court judicial officers, City of Mesa/Maricopa County Prosecutors, and Plaintiff's criminal defense attorney all of whom are entitled to immunity or are otherwise subject to dismissal.

**A. Judicial Officers and Court Staff**

To begin, judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

In his First Amended Complaint, all of Plaintiff's allegations against the Defendant judicial officers stem entirely from their judicial acts. Plaintiff attempts to circumvent judicial immunity by a bare allegation the judicial officers acted "outside the scope of their immunity." Plaintiff cannot use magic words to avoid legal doctrines with which he disagrees. The judicial officers named in the First Amended Complaint will be dismissed.

In addition to judicial officers, Plaintiff names multiple Court staff members including Front Window Clerk Jane Doe, Court Clerk KJ, Clerk Harley, Clerk Supervisor Missy, Clerk Does 1-999, Mesa Clerk Does 1-10. "Court clerks have absolute quasi-judicial immunity from damages for [alleged] civil rights violations when they perform

tasks that are an integral part of the judicial process." *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987). Accepting or denying motions or pleadings is an integral part of the judicial process. *Id.* Immunity is not lost even if a clerk makes a mistake or fails to carry out her or his duties, even when it results in "'grave procedural errors.'" *Id.* (quoting *Stump*, 435 U.S. at 359)). These Defendants will also be dismissed.

### B. Prosecutors and Criminal Defense Attorney

Similarly, prosecutors are absolutely immune from liability for damages under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Immunity even extends to prosecutors for "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings." *Id.; see also Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutor absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges; for knowingly using false testimony at trial; and for deciding not to preserve or turn over exculpatory material before trial, during trial, or after conviction); *Roe v. City & County of S.F.*, 109 F.3d 578, 583-84 (9th Cir. 1997) (absolute immunity for decision to prosecute or not to prosecute and for professional evaluation of a witness and evidence assembled by the police). The prosecutors named in the First Amended Complaint are entitled to immunity and are dismissed.

Finally, a prerequisite for any relief under § 1983 is a showing that the defendant has acted under the color of state law. However, an attorney representing a criminal defendant does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law."). Laurel Workman, Plaintiff's criminal defense attorney, must therefore be dismissed.

///

**III. Requests to Stay Proceedings Pending Supreme Court Review; Motion for Transfer and Intervention Under Supreme Court Rule 11 and Rule 14; Motion for Supreme Court Certification; and Motion for Judicial Acknowledgment (Docs. 9, 13, 24, 42)**

Plaintiff requests "a stay of all deadlines, service, requirements, or procedural obligations" while he seeks immediate review in the Supreme Court of his constitutional challenges (Doc. 9 at 3). There is no basis for a stay of this matter and the Court will not issue a stay. Nor is there a basis to certify this action under the extraordinary questions doctrine.

**IV. Motion for Interim Reimbursement; Motion for Immediate Equitable Relief; Motion to Enforce Interim Relief; Motion for Prejudgment Interest; and Motion for Prospective Cost Accrual and Interim Relief (Docs. 16, 17, 18, 44, 58, 72)**

Plaintiff seeks "interim reimbursement" in the amount of $217,900.00 under Rule 54(d) and 60(b)(6) (Doc. 16), equitable relief in the amount of $60,000 (Doc. 17), and emergency enforcement of his requests for reimbursement (Doc. 18). According to Plaintiff, this reimbursement would "mitigate ongoing prejudice, stabilize litigation posture, and remedy the procedural and financial burden imposed by judicial and administrative error." (Doc. 16 at 5.) Plaintiff also seeks sanctions of $500,000 and $25,000 per day (Doc. 72).

There is no basis for any distribution of funds to Plaintiff. No judgment has been entered; indeed, Plaintiff has not yet served any Defendant. Nor is there a basis to award Plaintiff sanctions. His requests for reimbursement, equitable relief, and sanctions will be denied.

///
///
///
///
///
///

**V.   Motion to Compel Preservation of Internal Court, Clerkship, and Judicial Communications; Motion to Compel Identification of Clerkship, Docketing, and Administrative Personnel; Motion to Compel Disclosure of Inter-Judicial Communications; and Request to Preserve Internal Judiciary Communications (Docs. 38, 39, 43, 49)**

Plaintiff seeks an order compelling the preservation of all internal Court communications regarding this matter and identification of staff members who work in this courthouse. No basis exists for such requests, and they will be denied.

**VI.   Motion for Service by the United States Marshal and Motions to Compel Clerk's Compliance (Docs. 26, 29, 63)**

Plaintiff requests that service be performed by the United States Marshal (Doc. 26). Under Federal Rule of Civil Procedure 4(c)(3), a court may, at the plaintiff's request, "order that service be made by a United States marshal or deputy marshal." Fed. R. Civ. P. 4(c)(3). Such an order is mandatory only "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. §1916." *Id.* Plaintiff paid the filing fee in this matter; he is not entitled to service by the Marshal.

The Advisory Committee Notes for Rule 4 specify that a "plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshal's Service" and that "court orders directing service by marshal should not be issued unless they really are necessary." *Hollywood v. Carrows California Fam. Restaurants*, No. CV 18-2098-JGB (GJS) 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (citing 93 F.R.D. 255, 262); *see also* 4A Fed. Prac. & Proc. Civ. § 1090 (4th ed.) (only after attempting other means of service should the plaintiff request that a marshal effectuate service). Plaintiff's motion for service will be denied. The Clerk of Court will be directed to issue the Summonses for the Defendants specifically identified.

**VII.   Motion to Allow Electronic Filing; Motion for Emergency Interim E-Filing; and Motion for Waiver of PACER Fees (Docs. 8, 53, 64)**

Plaintiff seeks leave to file documents electronically and for a waiver of PACER fees (Docs. 8, 53). Plaintiff's abusive motion practice makes clear it is inadvisable for him

to have unfettered access to the Court's electronic filing system, nor is there any basis to waive PACER fees (Doc. 64). The Court will deny the requests.

**VIII. Miscellaneous Motions (Docs. 19, 47, 50, 59)**

Plaintiff moves for "admissions by conduct," because Plaintiff believes the Court has refused to act in a timely manner. It appears Plaintiff further believes the undersigned has committed misconduct in failing to address his motions within 72 hours. (Doc. 52)

In his Notice of Declaration of Systemic Injustice, Judicial Sabotage, and Destructive Dereliction of Duty, Plaintiff asserts the "judiciary has actively withheld review, acknowledgment, or action on over 68 filed motions, notices, and pleadings, including multiple urgent filings categorized as "Truthfire Series" and "Doctoral Series" declarations, triggering constitutional urgency." (Doc. 69.) It appears Plaintiff believes this is the only matter pending in this Court. He is mistaken. Nor does the Court violate a litigant's rights when it does not rule on an avalanche of motions immediately upon receipt.

At bottom, Plaintiff is unwilling or unable to accept the Court's decision on Plaintiff's request to modify the Nature of Suit code in this matter. His behavior in response—filing nearly 70 frivolous motions, notices, and other documents—is ill-conceived and ill-advised. These filings divert scarce judicial resources and only serve to delay the resolution of Plaintiff's underlying claims. Plaintiff may file **one motion or notice per week**. If he fails to comply strictly with this Order, this action will be dismissed without further notice.

**IT IS ORDERED:**

(1) The Clerk of Court must file the First Amended Complaint lodged at Doc. 28.

(2) The United States District Court for the District of Arizona, James A. Teilborg, Front Window Clerk (Jane Doe), Court Clerk K.J., Clerk Harley, Clerk Supervisor Missy, Clerk Does 1-999, Mesa Prosecutor's Office, Mesa Veterans Court, Mesa Clerk Does 1-10, Laurel A. Workman, Judicial Officers John/Jane Does, Hon. Elizabeth P. Arriola, Hon Stephanie Olohan, Prosecutor Stacy Good, Prosecutor Austin

Brooks, Prosecutor Paul Hawkins, and Police Department John Does 1-4, and John/Jane Does Misc. are **DISMISSED** for the reasons discussed herein.

(3) Plaintiff must serve the First Amended Complaint **only** on the City of Mesa, the Mesa Police Department, Officer Dominic Higgins, Officer Juan Giraldo, and Sergeant Kevin Bailey.

(4) The deadline to serve the First Amended Complaint is extended to August 28, 2025. *See* Fed. R. Civ. P. 4(m).

(5) The Clerk of Court must issue Summonses only as to the Defendants listed above.

(6) Plaintiff's Motions at Doc. 8, Doc. 9, Doc. 10, Doc. 13, Doc. 16, Doc. 17, Doc. 18, Doc. 19, Doc. 23, Doc. 24, Doc. 26, Doc. 29, Doc. 32, Doc. 38, Doc. 39, Doc. 42, Doc. 43, Doc. 44, Doc. 45, Doc. 47, Doc. 48, Doc. 49, Doc. 50, Doc. 53, Doc. 58, Doc. 59, Doc. 63, Doc. 64, and Doc. 72 are **DENIED** for the reasons discussed herein.

(7) **Plaintiff may file one motion or notice per week. Any additional filings will not be entertained. Failure to comply with this Order will result in dismissal of this action without further notice.**

Dated this 16th day of July, 2025.

James A. Teilborg
Senior United States District Judge