JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel J. Bassford,<br><br>    Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>    Defendants. | No. CV-25-01034-PHX-JAT (CDB)<br><br>**ORDER** |

Pro se Plaintiff Gabriel J. Bassford brought this civil rights action pursuant to 42 U.S.C. § 1983. Defendants City of Mesa, Kevin Bailey, Juan Giraldo, and Dominic Higgins have filed a Motion to Dismiss the First Amended Complaint pursuant to Rule 12(b)(4) and 12(b)(5) based on insufficient process and insufficient service of process. (Doc. 81.) Defendant City of Mesa has filed a separate Motion for Summary Judgment on the merits of Plaintiff's claims against it. (Doc. 86.) Plaintiff was informed of his rights and obligations to respond to the Motions (Docs. 82, 89), and he did not file a response to either Motion. Plaintiff has filed a "Protective Rule 60(b)(4) Motion to Vacate Void Orders, Reassignment to a Neutral Article III Judge, and to Restore Constitutional Process" (Doc. 103) and a "Motion to Strike Unauthorized Magistrate Reassignment" (Doc. 105).

The Court will deny Plaintiff's Motions, grant in part and deny in part Defendants' Motion to Dismiss, and deny the City of Mesa's Motion for Summary Judgment without prejudice.

. . . .

**I.    Relevant Procedural History**

Plaintiff filed the original Complaint on March 28, 2025 and paid the filing and administrative fees. (Doc. 1.) In an April 3, 2025 Order, the Court directed Plaintiff to serve each Defendant or seek a waiver of service for each Defendant within 90 days of the filing date of the Complaint or 60 days of the filing date of the Order, whichever was later. (Doc. 7.)

On June 26, 2025, Plaintiff filed a Motion to Reset Service Deadline. (Doc. 10.) The next day, Plaintiff filed Summonses for Defendants City of Mesa, Giraldo, and Higgins. (Doc. 11.) On June 30, 2025, Plaintiff filed a Notice of Mailing and Declaration of Service and a request that the United States Marshal personally serve the Complaint on Defendants and lodged a proposed First Amended Complaint. (Docs. 26-28.)

In a July 16, 2025 Order, the Court noted that the original Complaint had not been served on any Defendant and that Rule 15 permitted amendment once as a matter of course. (Doc. 77 at 4.) The Court directed the Clerk of Court to file the lodged proposed First Amended Complaint. (*Id.*) The Court observed that the 147-page First Amended Complaint consisted of 26 claims against 24 Defendants and John Does and that the Defendants named therein were entitled to immunity from suit. (*Id.*) Accordingly, the Court dismissed all Defendants named in the First Amended Complaint except Defendants City of Mesa, Mesa Police Department, Bailey, Giraldo, and Higgins. (*Id.* at 4-6.)

The Court denied Plaintiff's request for service by the U.S. Marshal because Plaintiff is not proceeding in forma pauperis in this matter. (*Id.* at 8.) The Court ordered Plaintiff to serve the First Amended Complaint on Defendants City of Mesa, Mesa Police Department, Bailey, Giraldo, and Higgins and explicitly extended the deadline to do so to August 28, 2025. (*Id.*)

On July 17, 2025, Defendants City of Mesa, Giraldo, and Higgins filed a Motion to Dismiss the original Complaint for insufficient process and insufficient service of process. (Doc. 79.) On August 11, 2025—before the expiration of the deadline the Court set for Plaintiff to serve them—Defendants City of Mesa, Mesa Police Department, Bailey,

1  Giraldo, and Higgins filed their Motion to Dismiss the First Amended Complaint for
2  insufficient process and insufficient service of process. (Doc. 81.)  That same day, the
3  Court ordered Plaintiff to file a response to the Motion to Dismiss the First Amended
4  Complaint by September 10, 2025.  (Doc. 82.)

5  On August 18, 2025, Plaintiff filed an Omnibus Motion to Strike Deficient Motions
6  to Dismiss, Enter Default, Reinstate Relief, and Preserve Constitutional Posture for
7  Supreme Court Review.  (Doc. 83.)  Plaintiff included copies of certified mail return
8  receipts indicating that he had sent copies of the Summons and First Amended Complaint
9  by certified mail to Defendants City of Mesa, Mesa Police Department, Bailey, Giraldo,
10 and Higgins on July 18, 2023.  (Doc. 83-1 at 2-5.)

11 On August 25, 2025, Plaintiff filed a "Notice of Filing Declaration of Service."
12 (Doc. 84.)  Plaintiff described his attempts to serve the City of Mesa, asserting that on
13 August 14, 2025, an individual named Daisy Lopez had personally delivered copies of the
14 Summons, Complaint, and the July 16, 2025 Order to Rosalind Williams at 20 E. Main
15 Street, Mesa, Arizona 85201, as an authorized agent or employee, and Ms. Williams
16 accepted service for the City of Mesa.  (*Id.* at 1-2.)  Plaintiff "acknowledge[d] uncertainty
17 as to whether the Court will deem previous mail delivery to a departmental mail recipient
18 at the municipal building as sufficient to constitute service under the Arizona Rules of Civil
19 Procedure when the recipient as authorized agent affected service upon each defendant."
20 (*Id.* at 2.)  Plaintiff contended that "[e]ach defendant then provided" defense counsel "of
21 the notice in having his representation on their behalf." (*Id.*)  Plaintiff stated that to ensure
22 service was not deemed defective or untimely, he initiated duplicate personal service
23 efforts to directly serve Defendant Higgins through an authorized agent.  (*Id.*)  No
24 additional service documents were filed.

25 On September 4, 2025, the City of Mesa filed its Motion for Summary Judgment.
26 (Doc. 86.)  In an October 23, 2025 Order, the Court denied Defendants' Motion to Dismiss
27 the original Complaint.  (Doc. 99.)

28 On November 19, 2025, Plaintiff filed his Protective Rule 60(b)(4) Motion (Doc.

103), and on December 4, 2025, he filed his Motion to Strike Unauthorized Magistrate Reassignment (Doc. 105). Defendants did not file a response to either Motion.

## II. Plaintiff's Motions

### A. Rule 60(b)(4) Motion

In his Protective Rule 60(b)(4) Motion, Plaintiff moves to vacate all Orders in this case as void for lack of jurisdiction, structural due process violations, discriminatory denial of accommodations under the Americans with Disabilities Act, "refusal to adhere to controlling Supreme Court and Ninth Circuit precedent," acceptance of unauthorized filings, "docket manipulation," conflicts requiring mandatory recusal under 28 U.S.C. § 455(b)(5)(i), and ethical violations undermining the integrity of the tribunal. (Doc. 103 at 2.) Plaintiff asserts his Motion is filed "protectively, to preserve the record and to prevent any inference of waiver regarding jurisdictional defects, constitutional injuries, or systemic prejudice." (*Id.*) He asks the Court to vacate all orders as void, strike all of Defendants' filings before counsel filed a Notice of Appearance, enter default under Rule 55(a) of the Federal Rules of Civil Procedure, reassign this case, "correct" the docket classification, grant him CM/ECF access, sanction defense counsel, vacate "gag" restrictions, and restore his due process rights, adjust deadlines, and "reopen filings." (*Id.* at 12-13.)

Rule 60(b)(4) provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void." Plaintiff cannot seek relief under Rule 60(b)(4) because there is no final judgment in this matter. Moreover, a "'judgment is not void,' for example, 'simply because it is or may have been erroneous.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. Thus, "[f]ederal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction."

Plaintiff's Motion—premised on his dissatisfaction with the Court's decisions in this matter—wholly fails to meet the standard for relief under Rule 60(b)(4).

For the foregoing reasons, the Court will deny Plaintiff's Protective Rule 60(b)(4) Motion.

### B.  Motion to Strike

In his Motion to Strike, Plaintiff challenges the reassignment of this matter to a new Magistrate Judge. (Doc. 105.) Plaintiff's Motion is meritless. Just as the Court may appoint a Magistrate Judge pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1), so may the Court reassign a matter to a different Magistrate Judge. The Court will deny Plaintiff's Motion to Strike.

## III.  Motion to Dismiss

Defendants move to dismiss the First Amended Complaint under Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure for insufficient process and insufficient service of process. (Doc. 81.) Defendants argue that Plaintiff's attempts to mail the Summons and First Amended Complaint to Defendants did not comply with the Federal Rules of Civil Procedure or the Arizona Rules of Civil Procedure. (*Id.* at 4.) Defendants contend that "[f]urther attempts to serve" the First Amended Complaint would prejudice Defendants and would not cause severe prejudice to Plaintiff, and dismissing this case is "more appropriate than an order quashing the insufficient service via mail because the FAC lacks any viable legal claims." (*Id.* at 10.)

A motion to dismiss under Rule 12(b)(4) challenges irregularities in the contents of the summons, and a motion under Rule 12(b)(5) challenges the manner of delivery of the summons and complaint. *See Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *rev'd on other grounds sub. nom Schweiker v. Chilicky*, 487 U.S. 412 (1988)).

Defendants do not challenge the content of the Summonses; rather, they challenge the sufficiency of service. Thus, the Court will evaluate Defendants' Motion to Dismiss only under Rule 12(b)(5) of the Federal Rules.

**A.    Rule 4**

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for service of process.

A person may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A)    delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). A municipality must be served by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

Under Rule 4(m), the plaintiff must serve a defendant with a summons and a copy of the complaint within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff fails to do so, the court must either dismiss the complaint without prejudice against that defendant or order that service be made within a specified time. *Id.* But if the plaintiff shows good cause for the delay, the court "must extend the time for service for an appropriate period." *Id.* Thus, "Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (internal citations omitted); *see Henderson v. United States*,

517 U.S. 654, 661 (1996) (recognizing that Rule 4's period for service "operates not as an outer limit subject to reduction, but as an irreducible allowance").  When exercising its discretion to extend the time for service, the Court may consider such factors as "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (internal quotations and citation omitted).  But a district court retains "broad discretion to either grant an extension of time, or to dismiss an action entirely, for failure to effect service." *Jones v. Automobile Club of Southern Cal.*, 26 F. App'x 740, 742 & n.7 (9th Cir. 2002) (citing *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001)).

### B. City of Mesa

As noted, Plaintiff filed service documents indicating service on Defendant City of Mesa on August 14, 2025.  Rule 4.1(h)(3) of the Arizona Rules of Civil Procedure provides that a municipal corporation may be served by delivering a copy of the summons and the pleading being served to the clerk of that municipal corporation. Ariz. R. Civ. P. 4.1(h)(3). The service documents that Plaintiff filed indicate that he delivered the First Amended Complaint and Summonses to Rosalind Williams, who accepted service on behalf of the City of Mesa.[1]  The Court finds Plaintiff timely and properly served the City of Mesa.  The Court will therefore deny Defendants' Motion to Dismiss as to the City of Mesa, without prejudice to the City of Mesa filing a renewed motion to dismiss.[2]

### C. Mesa Police Department

Whether Plaintiff properly served the Mesa Police Department is irrelevant because it is a non-jural entity that is not subject to suit under § 1983. *See Gotbaum v. City of Phx.*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008); *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (county sheriff's office is a nonjural entity); *see also Vicente v.*

---

[1] In Defendants' October 15, 2025 Response to Plaintiff's Motion for Entry of Default, Defendants acknowledged that Plaintiff personally served the City of Mesa with the First Amended Complaint.  (Doc. 96 at 4.)

[2] As discussed below, the City of Mesa's Motion for Summary Judgment is premature.

*City of Prescott*, CV-11-08204-PCT-DGC, 2012 WL 1438695, at *3 (D. Ariz. Apr. 26, 2012) (city fire department is a nonjural entity); *Wilson v. Yavapai County Sheriff's Office*, CV-11-08199-PCT-JAT, 2012 WL 1067959, at *4 (D. Ariz. Mar. 29, 2012) (county sheriff's office and county attorney's office are nonjural entities). The Court will therefore grant Defendants' Motion to Dismiss as to the Mesa Police Department.

### D.     Individual Defendants

Defendants are correct that Plaintiff never properly served Defendants Bailey, Giraldo, and Higgins because Plaintiff only attempted service by certified mail. Contrary to Plaintiff's belief, service by certified mail was not proper under Rule 4(e)(1) of the Federal Rules of Civil Procedure.

As noted, under Rule 4(e)(1), a person may be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. In Arizona, an individual who is subject to service under Rule 4.1(d) of the Arizona Rules of Civil Procedure "has a duty to avoid unnecessary expense in serving the summons." Ariz. R. Civ. P. 4.1(c)(1). "To avoid costs, the plaintiff may notify the defendant that an action has been commenced and request that the defendant waive service of a summons." *Id.* The notice and request must be sent by first-class mail or other reliable means. *Id.* Plaintiff did not request that Defendants waive service of the Summons.

Because Plaintiff did not request waiver of service, Rule 4.1(d) of the Arizona Rules of Civil Procedure applies. Under Rule 4.1(d), an individual may be served by:

> (1) delivering a copy of the summons and the pleading being served to that individual personally;
>
> (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

- 8 -

Ariz. R. Civ. P. 4.1(d). Plaintiff did not comply with any of the methods provided for service in Rule 4.1(d) and therefore did not properly serve the individual Defendants under the Arizona Rules of Civil Procedure. Thus, the Court must decide whether to dismiss the First Amended Complaint as to Defendants Bailey, Giraldo, and Higgins or further extend the time for service.

The Ninth Circuit has stated that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (internal quotation marks and citation omitted). However, actual notice will not subject defendants to personal jurisdiction if service was not made in "'substantial compliance with Rule 4.'" *Id.* (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted)).

Plaintiff's repeated attempts to serve Defendants Bailey, Giraldo, and Higgins by U.S. mail do not represent good faith efforts at proper service. Although Defendants had actual notice of the lawsuit, service by certified mail—particularly where Plaintiff knew how to effect proper service, as he did on the City of Mesa—was not "substantial compliance" with Rule 4. By failing to respond to Defendants' Motion to Dismiss, Plaintiff has failed to show good cause for a further extension of time for service or excusable neglect for his failure to effect proper service. The Court will therefore grant Defendants' Motion to Dismiss as to Defendants Bailey, Giraldo, and Higgins.

## IV. City of Mesa's Motion for Summary Judgment

Generally, summary judgment can be granted only "after adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although Federal Rule of Civil Procedure 56 does not limit how promptly a party may seek summary judgment, granting summary judgment "is improper when basic discovery is not yet completed[.]" *Morales v. Allstate Ins. Co.*, C-95-02308 PVT, 1995 WL 616654, at *2 (N.D. Cal. Oct. 13, 1995) (citing 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2741 (2nd ed. 1983)) ("the granting of summary judgment will be held to be error when discovery is not yet completed"). A district court has discretion to decline to rule on a

summary judgment motion on the grounds that it would be premature to do so before discovery is completed. *See Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 871 n.9 (9th Cir. 1992).

The City of Mesa's Motion for Summary Judgment is related to the merits of Plaintiff's claims. The City of Mesa has not answered the First Amended Complaint, the Court has not issued a Scheduling Order, and the parties have not engaged in discovery. The Court will therefore deny the City of Mesa's Motion for Summary Judgment without prejudice.

As noted, the Court will permit the City of Mesa to file a renewed motion to dismiss Plaintiff's First Amended Complaint. If the City of Mesa does not renew its motion to dismiss, it must answer the First Amended Complaint. If the City of Mesa files a motion to dismiss and it is denied, or if the City of Mesa answers the First Amended Complaint, the Court will issue a Scheduling Order that sets forth deadlines for discovery and dispositive motions.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 81), Defendant City of Mesa's Motion for Summary Judgment (Doc. 86), and Plaintiff's "Protective Rule 60(b)(4) Motion to Vacate Void Orders, Reassignment to a Neutral Article III Judge, and to Restore Constitutional Process" (Doc. 103) and "Motion to Strike Unauthorized Magistrate Reassignment" (Doc. 105).

(2) Plaintiff's Motions (Docs. 103, 105) are **denied**.

(3) Defendants' Motion to Dismiss (Doc. 81) is **granted in part** and **denied in part**. The Motion is **granted** as to Defendants Mesa Police Department, Bailey, Higgins, and Giraldo. The Motion is **denied** as to the City of Mesa.

(4) Defendants Mesa Police Department, Bailey, Higgins, and Giraldo are **dismissed without prejudice**.

(5) Defendant City of Mesa's Motion for Summary Judgment (Doc. 86) is **denied without prejudice**.

(6) Within **21 days** of the filing date of this Order, the City of Mesa may file a renewed motion to dismiss the First Amended Complaint. If the City of Mesa does not file a renewed motion to dismiss, it must file an Answer to the First Amended Complaint within **21 days** of the filing date of this Order.

Dated this 11th day of February, 2026.

James A. Teilborg
Senior United States District Judge